CLAYTON A. NORTHRUP, Appellee, v. RAYMOND MIKKLESON et al.,
Defendants, Appellants, GEORGE WOLNIEWICZ,
Intervener, Appellee.

RAYMOND MIKKLESON, Cross-petitioner, Appellant, v. CLAYTON
A. NORTHRUP, Appellee.

RAYMOND MIKKLESON, Cross-petitioner, Appellant, v. GEORGE
WOLNIEWICZ, Appellee.

No. 42914.

DECEMBER 15, 1936.

Welch & Mueller, for appellants.

George H. Mayne, for appellees.

ALBERT, J.—The real question involved here is the question of accretion. In the trial of the case certain plats were introduced in evidence, and much of the material testimony on which the court acted is based on these plats and references thereto by witnesses. While the case is in equity and triable *de novo,* we find that no such plats are set out in the abstract and no intelligent description of them is given; and neither is either of these plats certified to this court. Without such plats no intelligent idea of the matter can be formed.

The lower court had the plats before it, and of course, based its opinion thereon. Its conclusion was that, among all the various claimants and cross-petitioners herein, the plaintiff is the owner of certain lands with the accretions thereto, and is enti-

tled to have his title quieted in the east half of the north-east quarter of section 27, township 81, range 45, Harrison county, Iowa, lying south of the center of the Little Sioux river, together with all accretions thereto; and the intervener George Wolniewicz to have the title to the lands described by him in his petition of intervention, together with the accretions thereto, quieted in him. This decree was excepted to and it was the duty of the appellants in attacking the same in an effort to overthrow it to furnish us a record which was intelligible. This record is not so because of the lack of said exhibits, to wit, the plats on which a material part of the decree is based. We have, however, reviewed the record as it stands before us, and we cannot see that the district court could have done other than it did under the scanty record we have. We see nothing to do with the case except to affirm it.—Affirmed.

ANDERSON, DONEGAN, KINTZINGER, RICHARDS, HAMILTON, and STIGER, JJ., concur.